# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**KATE PULLEN**                                                                                              **PLAINTIFF**

**v.**                                                                                    **NO. 4:25-CV-072-RPC-JMV**

**REFUEL OPERATING CO., LLC, et al.**                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Kate Pullen brought a Complaint against Refuel Operating Company, LLC (Refuel) to recover damages from her injuries allegedly resulting from a slip and fall that occurred at one of Refuel's Double Quick locations in Coahoma County, Mississippi. [11]. Refuel removed the case to the Northern District of Mississippi based on diversity of citizenship under 28 U.S.C. § 1332. Now before this Court is Pullen's Motion to Strike [74] the proffered expert testimony of Refuel's designated expert, Dr. Stephen Southworth. Because this Court finds Pullen's motion to be premature, it will be **DENIED without prejudice**.

### *Relevant Background*

Pullen's Complaint alleges that on or about January 21, 2024, she slipped and fell at Refuel's Double Quick location in Coahoma County, Mississippi. [11 at pgs. 1-2]. Pullen claims that, as a result of her fall, she broke her right hip and accrued significant medical expenses. [11 at pg. 2; 75 at pg. 1]. Refuel retained Dr. Stephen Southworth as an expert in orthopedic surgery. [81 at pg. 1]. Pullen seeks to exclude the entirety of Dr. Southworth's opinion for several reasons: (1) he mischaracterizes the post-operative orders given to Pullen; (2) he did not specifically identify Pullen's various risk factors; and, (3) he did not disclose any source of medical authority that he relied on or methodology he used to draw his medical conclusions.

### *Standard*

Rule 702 of the Federal Rules of Evidence provides that

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
>
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> **(b)** the testimony is based on sufficient facts or data;
>
> **(c)** the testimony is the product of reliable principles and methods; and
>
> **(d)** the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

It is the duty of the trial judge to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). "Under *Daubert*, trial courts act as gatekeepers overseeing the admission of scientific and non-scientific expert testimony." *Burleson v. Tex. Dept. of Crim. Just.*, 393 F.3d 577, 583 (5th Cir. 2004) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999)). However, the gatekeeper role of a trial court "is not intended to serve as a replacement for the adversary system: 'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Primrose Op. Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (quoting *United States v. 14.83 Acres of Land, More or Less Situated in Leflore Cnty., State of Mississippi*, 80 F.3d 1074, 1078 (5th Cir. 1996)). "Thus, [w]hile the district court must act as a gatekeeper to exclude all irrelevant and unreliable expert testimony, the rejection of expert testimony is the exception rather than the rule." *United States v. Perry*, 35 F.4th 293, 330 (5th Cir. 2022) (internal quotation marks omitted) (quoting *Puga v. RCX Sols. Ins., Inc.*, 922 F.3d 285, 294 (5th Cir. 2019)).

*Analysis*

Pullen acknowledges that Dr. Southworth "has the degrees and experience to qualify as an expert in orthopedic surgery[.]" [74 at pg. 2]. However, she challenges Dr. Southworth's proffered expert testimony on the grounds that it is unreliable because the report does not disclose his methodologies or any medical authorities that he relied upon to reach his conclusions. Pullen argues that there is "too great an analytical gap between the data and the opinion offered[,]" and therefore, the Court should exclude Dr.Southworth's testimony. ***Gen. Elec. Co. v. Joiner***, 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997)).

Dr. Southworth's report stated that Pullen "had numerous risk factors contributing to her fall on January 21, 2024." [74, Exhibit 2 at pg. 7]. In addition to her initial hip surgery, Pullen underwent two more hip surgeries. Pullen's medical records noted that she re-injured her hip stepping out of the bath. Based on a review of Pullen's post-operative instructions, Dr. Southworth concluded that taking a bath directly contravened those instructions. [74, Exhibit 2 at pgs. 7-8]. Dr. Southworth opined that Pullen's "re-injury which occurred on March 8 or March 9, 2024, was an entirely avoidable event precipitated solely by her non-compliant choices." [74, Exhibit 2 at pg. 8]. He stated that "[t]he mechanical forces required to enter and exit a sit down bathtub significantly exceed the threshold of safety for a patient in this stage of recovery." [74, Exhibit 2 at pg. 7]. He also noted that "[h]er subsequent surgeries and healing abilities were significantly compromised by the voluntary choices and ongoing behavioral factors; specifically chronic tobacco use and alcohol abuse." [74, Exhibit 2 at pg. 8].

Pullen takes issue with the fact that Dr. Southworth did not explicitly enumerate her "numerous risk factors," that his characterization of the post-operative instructions is incorrect, and that he could not possibly come to the conclusion about the mechanical forces required to exit

a bathtub or the effect of "chronic tobacco use and alcohol abuse" without relying on some medical authority aside form his own training, experience, and education.

This Court notes that Dr. Southworth's report [74, Exhibit 2; 80, Exhibit 1] appears to meet all the disclosure requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Rule 26(a)(2)(B) states:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case . . . . The report must contain:
>
> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> **(ii)** the facts or data considered by the witness in forming them;
>
> **(iii)** any exhibits that will be used to summarize or support them;
>
> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> **(vi)** a statement of the compensation to be paid for the study and testimony in the
>
> case.

Once a party has disclosed its expert witness report, the other party may depose that expert witness. *See* Fed. R. Civ. Pr. 26(b)(4)(A). Pullen has not deposed Dr. Southworth, nor has she noticed a deposition of Dr. Southworth to take place at a future date. This Court finds the absence of Dr. Southworth's deposition prior to Pullen's Motion to Strike [74] his testimony to be significant. Dr. Southworth's report states that

> [t]hese opinions are based upon my education, training, experience as a four-time board certified private practice orthopaedic surgeon, an Instructor in trauma care for the American College of Surgeons, other educational experiences as listed in my C.V., and to a reasonable degree of medical probability. These opinions are

based on a review of the listed documents above and understanding of the facts within this matter.

[74; Exhibit 2 at 10]. The listed documents that Dr. Southworth relied upon included Pullen's medical records. [74; Exhibit 2 at 1]. "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *14.38 Acres of Land*, 80 F.3d at 1077 (quotation mark omitted) (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).[1] Furthermore, Dr. Southworth's failure to cite any medical authorities in his expert disclosure report does not automatically discredit his testimony. It is merely one of many factors for this Court to consider when evaluating the reliability of Dr. Southworth's testimony. *See Daubert*, 509 U.S. at 593-95. The other factors include whether: a theory or technique has been or can be tested; there is a known high potential error rate; the theory or technique is generally accepted within the community; and any other relevant inquiries. *Kumho Tire*, 526 U.S. at 149-52.

Because the discovery period remains open[2], Dr. Southworth has not yet been deposed, and the Court possesses discretion to determine how to proceed with the admission of evidence and particularly with the evaluation of proffered expert testimony, *Id.*, the Court finds the Motion to Strike [74] is premature and should be **DENIED without prejudice**. *See King v. Martin*, 2012 WL 6087536, at *1 (W.D. La. Dec. 6, 2012).

---

[1] *See also* **United States v. Case**, No. 3:06-CR-210-WHB-JCS, 2008 WL 2129769 (S. D. Miss. May 16, 2008) ("Defendants argue that [the expert]'s opinions should be excluded because they are conclusory, are not based on a reliable methodology, and are prejudicial. . . . Defendants contend that [the expert] failed to identify the basis for his conclusions or the manner in which they were reached, failed to state the specific facts on which his opinions are based, [and] failed to disclose whether his opinions are based on current literature or research . . . . The Court finds that the arguments raised by Defendants relate to the credibility of [the expert]'s opinions, and not their admissibility.")

[2] Discovery is due to be completed in this case by July 6, 2026. Daubert and dispositive motions are due by August 6, 2026. [78]. Further, this includes time remaining for supplementation by the defendant. *See Malagon v. Crescent Hotel & Resorts*, 2017 WL 2536995, at *7 (N.D. Tex. June 12, 2011); Fed. R. Civ. P. 26(a)(2)(E), 26(e)(2).

*Conclusion*

For the reasons set forth above, Pullen's Motion to Strike [74] is **DENIED without prejudice**. Should the Plaintiff feel such a motion is warranted after the conclusion of discovery, this ruling in no way hinders her ability to file said motion prior to the August 6, 2026, deadline. *See **Bailey v. Formosa Plastics Corp., USA***, 1997 WL 417297, at *1 (E.D. La. July 23, 1997).

SO ORDERED, this the 27th day of May, 2026.

**UNITED STATES DISTRICT JUDGE**