**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**KATE PULLEN** **PLAINTIFF**

**v.** **NO. 4:25-CV-072-RPC-JMV**

**REFUEL OPERATING COMPANY, LLC,**
**D/B/A DOUBLE QUICK & JOHN DOES 1-3** **DEFENDANTS**

**ORDER REMANDING CASE**

On March 5, 2025, Kate Pullen filed a complaint in the County Court of Coahoma County, Mississippi, against Refuel Operating Company, LLC, d/b/a Double Quick ("Refuel") and John Does 1-3, asserting negligence and premises liability claims. Pullen alleged that she slipped and fell due to a slippery substance on the ground near the gas pumps at a Double Quick convenience store owned by Refuel. [1-1].

Refuel removed the case to the United States District Court for the Northern District of Mississippi on May 28, 2025 [1]. Asserting diversity jurisdiction, Refuel alleged in its notice of removal that Pullen is "a resident of Coahoma County, Mississippi" and that Refuel "is a Delaware corporation doing business in Mississippi" and, therefore, "there is complete diversity of citizenship in this case." *Id.*

On September 11, 2026, a Telephonic Status Conference was held. [133]. During the conference, the Court advised the parties that the pleadings before the Court did not adequately show that diversity jurisdiction existed between the parties. [134]. Subsequently, the defendant was granted seven business days, or through September 22, 2026, to confirm diversity jurisdiction exists. [133, 134].

Refuel responded by filing Defendant's Stipulation Regarding Diversity Jurisdiction. [134]. In said stipulation, Refuel confirmed that "[t]o determine the citizenship of an LLC, courts

look to the citizenship of its members." *Id.* at 2. The sole member of Refuel Operating Company, LLC is FR Refuel, LLC and, likewise, FR Refuel, LLC has a sole member, Refuel Bravo, LLC. *Id.* at 4-5. However, the "Refuel genealogy" then runs dry, as "members involved at corporate levels above Refuel Bravo, LLC do not authorize the disclosures of various members' identities, states of citizenship, and involvement within the company" and the Defendant advised that "it will not be proceeding with disclosing the information relevant to the aforementioned remand/removal inquiry". *Id.* at 7. Defendant acknowledges that, "absent further confirmation establishing diversity jurisdiction, this matter is expected to be remanded to the County Court of Coahoma County, Mississippi." *Id.* at 8.

Given Refuel's admitted inability to demonstrate diversity jurisdiction now and their acknowledgement that the case "is expected to be remanded," the Court finds remand to be appropriate.[1]

This case is hereby **REMANDED** to the County Court of Coahoma County, Mississippi for further proceedings. This case is **CLOSED**.

**SO ORDERED** this the 24th day of September, 2026.

Robert P. Chamberlin

**UNITED STATES DISTRICT JUDGE**

[1] *See* ***Cadence Bank v. Johnson***, 160 F.4th 197, 202 (5th Cir. 2025) (diversity jurisdiction "depend[s] on 'the state of facts that existed at the time of filing'" (quoting ***Grupo Dataflux v. Atlas Glob. Grp.***, 541 U.S. 567, 571 (2004))); ***Ashford v. Aeroframe Servs., L.L.C.***, 96 F.4th 783, 790 (5th Cir. 2024) ("[F]ederal diversity-of-citizenship jurisdiction 'depends upon the state of things at the time of the action brought.'" (quoting ***Ashford v. Aeroframe Servs., L.L.C.***, 907 F.3d 385, 386 (5th Cir. 2018), *cert. denied sub nom.* ***Ashford v. Aviation Tech. Servs., Inc.***, 145 S. Ct. 1047, 220 (2025))); ***Vantage Drilling Co. v. Hsin–Chi Su***, 741 F.3d 535, 537 (5th Cir. 2014) (per curiam) ("Any 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" (quoting ***Acuna v. Brown & Root Inc.***, 200 F.3d 335, 339 (5th Cir. 2000), *cert. denied*, 530 U.S. 1229 (2000))).